```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Ronald David Brown,            )
                               )
        Plaintiff,             )
                               )
            v.                 )    Case No. 2:12-cv-392
                               )    JUDGE JAMES L. GRAHAM
Barack Obama, et. al.,         )    Magistrate Judge Kemp
                               )
        Defendants.            )

**REPORT AND RECOMMENDATION AND ORDER**

On May 7, 2012, Plaintiff, Robert David Brown, filed a complaint *pro se*, seeking a *writ of mandamus* against President Barack Obama and United States Attorney General Eric Holder. He also sought leave to proceed *in forma pauperis.* For the following reasons, the Court will grant the application to proceed *in forma pauperis* and will recommend that the complaint be dismissed for failure to state a claim upon which relief can be granted.

**I.**

According to the complaint, on or about January 28, 2011, Mr. Brown sent a petition to President Barack Obama. The petition questioned the President's economic policies and demanded that the President respond. Mr. Brown alleges that the White House received that petition on February 28, 2011, and has not responded.

Mr. Brown also claims that on or about December 23, 2011 he sent to the Attorney General, via U.S. certified mail, a petition entitled "Application Pursuant to title 16 U.S.C.A., section 3375, Enforcement, subsection (d) Reward and incidental; and title 28 U.S.C.A., section 524, Availability of

appropriations, subsections (c)(1), (B), (C), (D), and (E)(i), requesting payments of rewards." Mr. Brown alleges that the Attorney General received this petition on or about January 4, 2012 and has not responded.

Mr. Brown seeks a writ of mandamus pursuant to 28 U.S.C. §1361 to compel both the President and the Attorney General to respond to his petitions. He claims that the President and the Attorney General, by not responding to the petitions, have failed to perform their legal duties in violation of Mr. Brown's First Amendment right to petition the government.

## II.

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if . . .(B) the action . . . is frivolous or malicious [or] fails to state a claim on which relief can be granted. . . ." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 327-28. A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court of Appeals has held that section 1915(e)(2)'s initial screening requirement applies to complaints filed by non-prisoners as well as prisoners. Baker v. Wayne County Family Independence Agency, 75 Fed. Appx. 501, 502 (6th Cir. 2003)(citation omitted). The complaint will be evaluated under these standards.

2

**III.**

Mr. Brown brings this action pursuant to 28 U.S.C. §1361. Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." The Supreme Court has held that a "writ of mandamus, as codified in 28 U.S.C. §1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616-617 (1984). "Mandamus is available only if: '(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to the plaintiff.'" Carson v. U.S. Office of Special Counsel, 633 F.3d 487, 491 (6th Cir. 2011)(citation omitted).

**IV.**

The First Amendment to the United States Constitution reads, in part, "Congress shall make no law … abridging … the right of the people … to petition the Government for a redress of grievances." Although only Congress is mentioned in the First Amendment, the Supreme Court has held that "the right to petition extends to all departments of the Government." California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972). In his complaint, Mr. Brown claims that the First Amendment right to petition the government not only allows him to petition these officers of the Executive Branch for the redress of grievances, but imposes a duty on them to respond. However, his claim relies on an incorrect reading of the petition clause.

"Nothing in the First Amendment or in this Court's case law interpreting it suggests that the rights to speak, associate,

and petition require government policymakers to listen or respond to individuals' communications on public issues." Minnesota State Board for Community Colleges v. Knight, 465 U.S. 271, 272 (1984); see also Smith v. Arkansas State Highway Employees, Local 1315, 441 U.S. 463 (1979); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999)( "A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views").

The guarantees of the First Amendment are not unlimited. While it provides important protections permitting citizens to "speak freely and petition openly" without governmental interference or retaliation, it "does not impose any affirmative obligation on the government to listen [or] to respond." Smith, 441 U.S. at 465.

The right to petition is the freedom to express one's will to the government, and Mr. Brown has been able to do just that. It is not a right that requires the government to reciprocate. Citizens "have no constitutional right as members of the public to a government audience for their policy views." Knight, 465 U.S. at 286. As the Court of Appeals has recognized, "neither in the First Amendment nor elsewhere in the Constitution is there a provision guaranteeing that all petitions for the redress of grievances will meet with success." Canfora v. Olds, 562 F.2d 363, 364 (6th Cir. 1977). Nor is it practical for the government to be required to respond to every petition it may receive. "It is inherent in a republican form of government that direct public participation in government policymaking is limited." Knight, 465 U.S. at 285. If a citizen is unhappy with the response or lack of response by a government official, he or she may register that disapproval at the polls. Id.

4

Accordingly, neither the President nor the Attorney General have a duty to respond to Mr. Brown's petitions, and his complaint has failed to state a claim on which relief can be granted.

**V.**

For the reasons stated above, Mr. Brown's request to proceed *in forma pauperis* is granted. In addition, it is recommended that the complaint be dismissed. If this recommendation is adopted, a copy of the complaint, the Report and Recommendation, and the dismissal order should be mailed to the defendant.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the

Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge