IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ronald David Brown,                     :

      Plaintiff,                      :

      v.                              :        Case No. 2:12-cv-392
                                                 JUDGE JAMES L. GRAHAM
Barack Obama, et. al.,                  :        Magistrate Judge Kemp

      Defendants.                     :


**OPINION AND ORDER**

      This case is before the Court to consider objections filed to a Magistrate Judge's Report and Recommendation. That Report and Recommendation, which was filed on June 29, 2012, recommended the dismissal of this case under 28 U.S.C. § 1915(e), reasoning that the complaint fails to state a claim upon which relief may be granted. Plaintiff, Ronald David Brown, objected and also filed an amended complaint. For the reasons which follow, the Court will overrule the objections and will adopt the recommendation of dismissal.

I.

      The Magistrate Judge read Mr. Brown's original complaint as seeking a writ of mandamus to compel the President of the United States and the Attorney General of the United States to respond to petitions which Mr. Brown had sent to them. Reasoning that the First Amendment to the United States Constitution gives citizens a right to petition the government for the redress of grievances, but does not require the government to respond to such petitions - a proposition set forth clearly in decisions of the United States Supreme Court and the Court of Appeals for the Sixth Circuit, see Report and Recommendation, Doc. 2, at 3-4 - the Magistrate Judge concluded that the complaint did not allege

a legal duty on the part of the defendants to act, and that a writ of mandamus should not issue.

As he had a right to do under Fed.R.Civ.P. 15(a), Mr. Brown amended his complaint. The Court will therefore consider whether the rationale in the Report and Recommendation applies to the amended complaint as well, and if the case should still be dismissed for failure to state a claim upon which relief may be granted.

The amended complaint alleges that Mr. Brown sent correspondence to President Obama in January, 2009, advising him that the economic crisis resulted from actions of the Comptroller of the Currency and the Federal Reserve. Despite this correspondence, Mr. Brown claims that the President did nothing to prevent or correct violations of the law by these agencies, despite the President's constitutional duty to execute the laws faithfully. In May, 2012, Mr. Brown sent a communication to Attorney General Eric Holder in which Mr. Brown claimed that employees of the Office of the Comptroller of the Currency violated Mr. Brown's rights, apparently as a result of that office's investigation into criminal charges which had been filed against Mr. Brown by the Huntington National Bank. The Attorney General's office responded to this communication by advising Mr. Brown that no action would be taken in response to his complaint, and that he might wish to consult with private counsel. Based on this new complaint and on Mr. Brown's objections, the Court now construes his claim as one for a writ of mandamus requiring the President and the Attorney General to enforce the law. Given this clarification, the Court agrees with Mr. Brown that "this action has little to do with petitioner's rights under the United States Constitution, First Amendment." Objection, Doc. 5, at 1. However, his complaint still does not provide any basis upon which the Court can grant relief.

II.

There are at least two reasons why the Court may not issue a writ of mandamus to officials of another independent branch of the federal government to take action to enforce the laws. The federal mandamus statute, 28 U.S.C. §1361, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." By its very terms, the statute authorizes mandamus relief only in those cases where the plaintiff is able to establish that a government official owes a legal duty to him (or her), and not in cases where the duty is owed more generally to the public. See generally Carson v. U.S. Office of Special Counsel, 633 F.3d 487, 491 (6th Cir. 2011). Further, the duty in question must be ministerial or mandatory in nature; "[m]andamus is not an appropriate remedy if the action that the petitioner seeks to compel is discretionary." Id., citing Heckler v. Ringer, 466 U.S. 602, 626 (1984); see also Short v. Murphy, 512 F.2d 374, 377 (6th Cir. 1975)("If the alleged duty is discretionary or directory, the duty is not 'owed.'").

Deciding whether to enforce the law, or how to do so, against other federal agencies whose actions might violate the law is clearly committed to the discretion of executive branch officials such as the President or the Attorney General. As one court has noted, "as an incident of the constitutional separation of powers, ... the courts are not to interfere with the free exercise of the discretionary powers of the attorneys of the United States in their control over criminal prosecutions." United States v. Cox, 342 F.2d 167, 171 (5th Cir. 1965). The Supreme Court has also commented on "[t]he deep-rooted nature of law-enforcement discretion," noting that law enforcement officers must use some discretion in deciding how and where to enforce the

-3-

law.  Town of Castle Rock v. Gonzales, 545 U.S. 748, 761 (2005), citing Chicago v. Morales, 527 U.S. 41 (1999).  Article II, Section 3 of the Constitution, cited by Mr. Brown, does no more than impose a general duty on the Executive Branch to uphold the law, and contains no specific or enforceable obligation to do so at particular times, in particular places, or in a particular manner.  Such decisions involve weighing matters like the amount of resources the Executive Branch chooses to devote to specific areas of law enforcement and determining, even if there has been a clear violation of the law by another governmental official or agency, whether bringing some type of enforcement action would be consistent with the Executive Branch's policies and priorities.  Given the discretionary nature of these decisions, it cannot be said that the President or the Attorney General has any ministerial or mandatory duty to enforce the laws against the Comptroller of the Currency, as Mr. Brown has requested, and this Court therefore lacks jurisdiction to issue a writ of mandamus which would compel those officers to take action.  See Carson v. U.S. Office of Special Counsel, 633 F.3d at 493 (federal courts have no jurisdiction to issue a writ of mandamus to compel a federal officer to perform a discretionary duty).

Secondly, Mr. Brown lacks standing to seek the relief he has asked for.  It has long been held that "an asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." Allen v. Wright, 468 U.S. 737, 754 (1984), citing Schlesinger v. Reservists Committee to Stop the War, 418 U.S. 208 (1974).  That case, in turn, held that "the abstract injury in nonobservance of the Constitution" was not enough to confer standing to sue on a private citizen.  Schlesinger, 418 U.S. 223 n. 13.  Standing to sue is a jurisdictional requirement imposed by Article III, Section 2 of the Constitution, which limits federal courts to the

-4-

resolution of "cases" or "controversies," and if the party bringing suit has not suffered the type of legal injury that is sufficient to confer standing to sue, there is no case or controversy present which a court can decide. See, e.g., Fairchild v. Hughes, 258 U.S. 126, 129 (1922)(holding that if the plaintiff has "only the right, possessed by every citizen, to require that the government be administered according to the law," the suit is "not a case, within the meaning of section 2 of article 3 of the constitution ...").

It is apparent that Mr. Brown cannot obtain any relief on his claim that the President and the Attorney General have rejected his requests that they enforce the law against either the Comptroller of the Currency or the Federal Reserve. The decision to take action, or refrain from acting, in these circumstances is committed to the discretion of the Executive Branch of government and is not reviewable by a federal court. This Court has no jurisdiction to issue the writ Mr. Brown has asked for, both because the duties imposed on the President and the Attorney General in this area are discretionary in nature and because Mr. Brown is asserting only a generalized right to have the government operate in a lawful manner, a right that is insufficient to support standing to sue. Thus, even though the rationale of the Report and Recommendation is inapplicable to Mr. Brown's amended complaint, the result is no different: this case must be dismissed under 28 U.S.C. §1915(e) because the complaint fails to state a claim upon which relief can be granted.

III.

For the reasons stated above, Mr. Brown's objections (Doc. 5) to the Report and Recommendation are **OVERRULED** and the recommendation of dismissal (although not the supporting reasoning) contained in that Report and Recommendation is

-5-

-6-

**ADOPTED**. This case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED.**

_____
JAMES L. GRAHAM
United States District Judge